UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TARPLEY-BEY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION,<br><br>Respondent. | No. 2:14-cv-2741-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner proceeds pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.  He claims the United States Parole Commission violated his due process rights by failing to timely hold a revocation hearing after it lodged a warrant for a supervised release violation.  *See* ECF No. 1 at 1, 5, 6 (citing to 28 CFR § 2.47(a)(1)).  He also claims he that the Commission failed to conduct a proper dispositional review of the detainer.  ECF No. 15 at 2.[1]  Respondent argues that petitioner is not entitled to relief on his claims.  ECF No. 25.  Indeed, as explained below, petitioner is not entitled to relief and his petition must therefore be denied.

/////

/////

---

[1] Petitioner raised this second claim in a motion to amend.  ECF No. 15.  Although the motion to amend should be granted in accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure, the petitioner's proposed second claim nonetheless fails for the reasons discussed below.

**I.      Background**

On October 14, 2010, while petitioner was serving a term of supervised release imposed by the Superior Court of the District of Columbia, the Parole Commission issued a warrant charging petitioner with violating the conditions of his release. ECF No. 25-1, Ex. 6. The warrant instructed the United States Marshals Service to arrest petitioner unless he was already in the custody of another law enforcement authority. *Id.*, Ex. 7 (providing as follows: "If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions." ).

On April 26, 2011, the Superior Court of the District of Columbia sentenced petitioner to 70 months of incarceration followed by three years of supervised release. *Id.*, Ex. 5. Petitioner is currently serving this 70-month sentence in a federal institution. *Id.* His projected release date is December 28, 2015. *Id.*

The warrant was lodged as a detainer on March 22, 2012. *Id.*, Ex. 5 at 3. On June 27, 2013, the Commission informed petitioner that the detainer would "stand," meaning that the warrant will be executed upon the conclusion of petitioner's current 70-month sentence. *Id.*, Ex. 9; ECF No. 25 at 5. At that time, the Commission will conduct a revocation hearing. ECF No. 25 at 5.

**II.     Discussion**

The district courts have original jurisdiction over mandamus actions to compel a United States agency to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361. "For mandamus relief, three elements must be satisfied: '(1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)). "If a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie." *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). In this case, petitioner raises two grounds for relief, and as discussed below, both claims lack merit.

/////

**A.  Claim One**

First, petitioner claims that the Commission violated his due process rights by failing to conduct a revocation hearing within 120 days of lodging the warrant as a detainer.  *See* ECF No. 1 at 1 (citing 28 CFR § 2.47(a)(1)).  Petitioner cannot prevail on this claim because he cannot demonstrate a "clear and certain" right to a revocation hearing.

The regulation on which petitioner relies, 28 C.F.R. § 2.47, does not provide a right to a revocation hearing in this case.  *See* 28 C.F.R. § 2.47 (applying only to "United States Code Prisoners and Parolees").  As petitioner points out, he is a "D.C. Code Offender" and "Supervised Releasee," having been sentenced by the Superior Court of the District of Columbia.  ECF No. 25-1, Exs. 1, 2, 4, 6; ECF No. 1 at 1 ("I am a DC Code Prisoner serving a new sentence in a [federal institution].").  Accordingly, Section 2.47(a)(1) does not apply, and petitioner was not entitled to a revocation hearing within 120 days of the Commission's detainer.

Rather, the circumstances under which petitioner is entitled to a revocation hearing are set forth in 28 C.F.R. § 2.213.  *See* 28 C.F.R. § 2.213 (establishing the procedure for review and disposition of warrants issued in connection with supervised release violations committed by D.C. Code supervised releases); *see also Shelton v. United States Parole Comm'n*, No. 0:02-910-19BD, 2002 U.S. Dist. LEXIS 26933, at *6 (D.S.C. Dec. 17, 2002) ("28 C.F.R. § 2.213 applies to 'District of Columbia Code Supervised Releasees.'").  Section 2.213 states in pertinent part: "When a releasee . . . is serving a new sentence of imprisonment imposed for a crime . . . committed while on supervised release, a violation warrant may be lodged against him as a detainer."  28 C.F.R. § 2.213(a).  "The Commission shall review the detainer upon the request of the prisoner pursuant to the procedure set forth in § 2.47(a)(2)."  *Id.*, § 2.213(b); *see also id.*, § 2.47(a)(2) (providing that prisoner is entitled to notice and a dispositional review by the Regional Commissioner within 180 days).  "The Commission may [then]: (1) Withdraw the detainer . . . ; (2) Order a dispositional revocation hearing . . . ; or (3) Let the detainer stand until the new sentence is completed."  *Id.*,§§ 2.213(b)(1)-(3).  Here, the Commission chose not to order a revocation hearing, but rather, to let the detainer remain in place until the conclusion of the petitioner's current sentence.  ECF No. 25, Ex. 9.  Having complied with the applicable

1    regulation regarding petitioner's entitlement to a revocation hearing, petitioner's due process
2    claim lacks merit and must be denied.

3         **B.  Claim Two**

4         Second, petitioner claims that the Commission failed to properly review the detainer upon
5    his request in accordance with the procedure set forth in § 2.47(a)(2).  *See* ECF No. 15 at 2
6    (arguing that the Commission failed to provide him with proper notice of its dispositional review,
7    thereby denying him the right to consult legal counsel and to respond to the detainer in writing).
8    Respondent concedes that the Commission "did not strictly comply" with the notice requirements
9    for petitioner's review of the detainer.  *See* ECF No. 25 at 7 n.5.  "Absent prejudice or bad faith,
10   [however,] the only remedy for a default by the Commission is a writ of mandamus to compel
11   compliance with the statute."  *Anderson v. United States*, 898 F.2d 751, 752 (9th Cir. 1990); s*ee
12   also Poyner v. United States Parole Comm'n.*, 878 F.2d 275, 276 (9th Cir. 1989).  In this case, the
13   pertinent regulations require notice to the prisoner and dispositional review of the detainer.  *See*
14   28 C.F.R. §§ 2.47(a)(2) , 2.213(b).  Upon receiving such relief, the petitioner's claim becomes
15   moot.  *See Anderson*, 898 F.2d at 752.

16        On April 3, 2012, two weeks after the detainer was lodged, petitioner requested review.
17   ECF No. 1 at 5-6.  Thereafter, the Commission conducted a dispositional review and on June 27,
18   2013, notified petitioner that the detainer would remain in place.  ECF No. 1 at 7, 9.  Because
19   petitioner has received the only relief available to him, namely notice and dispositional review,
20   his claim is now moot.  *See Merriweather v. United States Parole Comm'n*, No. 2:08-cv-1977-
21   JFM, 2009 U.S. Dist. LEXIS 57002, at *14 (E.D. Cal. June 15, 2009); *see also Johnson v.
22   Norwood*, No. 08-0824-MMM, 2008 U.S. Dist. LEXIS 124596, at *23 (C.D. Cal. June 18, 2008)
23   ("[T]he untimeliness of the dispositional review does not provide a basis for federal habeas relief.
24   Because Petitioner *did* receive a dispositional review and has not alleged, much less established,
25   any prejudice or bad faith in connection with the review's untimeliness, his claim is moot.").
26   Moreover, petitioner has not shown that the Commission acted in bad faith or caused him any
27   prejudice.  *See Shelton*, 2002 U.S. Dist. LEXIS 26933 at *6 (no prejudice where detainer and
28   delayed review thereof had no effect on petitioner's custody status).  Petitioner's complaint that

4

he was denied the opportunity to challenge the detainer is not enough to establish prejudice. Even if he had successfully challenged the detainer, he would remain incarcerated on his current 70-month sentence. And as respondent notes, petitioner will be able to challenge the merits of the supervised release violation during a revocation hearing conducted at the end of his current sentence. ECF No. 25 at 7 n.5. For these reasons, petitioner's second claim for relief lacks merit and must also be denied.

### III.     Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 15) be granted;

2. The amended petition for writ of mandamus be denied; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these amended findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE